279 So.2d 899 (1973)
Helen GRISSOM et al., Appellants,
v.
DADE COUNTY, Florida, and the State of Florida, Appellees.
No. 73-358.
District Court of Appeal of Florida, Third District.
July 3, 1973.
Robert F. Williams, Miami, for appellants.
Stuart Simon, County Atty., and Jon I. Gordon, Asst. County Atty., Sepler & Sussman and Irma V. Hernandez, Hialeah, for appellees.
Before BARKDULL, C.J., and PEARSON and HAVERFIELD, JJ.
HAVERFIELD, Judge.
Plaintiff-appellant seeks review of the lower court's order dismissing her complaint with prejudice.
Plaintiff, Ms. Grissom, is desirous of adopting a 12 year old girl for whom she has cared since the child's birth. The child's natural mother and father cannot be located. Plaintiff-appellant alleges she is indigent and, therefore, is unable to pay the publication costs to acquire jurisdiction over the girl's natural parents pursuant to F.S. §§ 49.011(10) and 49.10 F.S.A. Ms. Grissom filed this class action on her own behalf and on behalf of all others similarly situated for declaratory relief in which she requests that Dade County, Florida be ordered to pay the publication costs involved *900 in her adoption action on the grounds that solely because of her indigency she is unable to adopt the child. In the alternative, plaintiff-appellant sought to have F.S. §§ 49.011(10) and 49.10 F.S.A. declared unconstitutional because, as applied, they deny to insolvent and poverty-stricken persons the right to adopt children whose natural parents cannot be served personally with service of process. The State of Florida, which was permitted to intervene, filed an answer and a motion to dismiss. Said motion was granted after argument was heard thereon and the plaintiff appealed.
In her first point on appeal appellant contends that the provisions of F.S. §§ 49.011(10) and 49.10 F.S.A., which require publication to obtain jurisdiction over the natural mother in an adoption proceeding where the whereabouts of said natural mother are unknown, are unconstitutional as applied to indigent person who cannot pay the costs of said publication, in violation of the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution and Article I, §§ 2, 9 and 21 of the Florida Constitution.
In essence, this appeal raises the following question: "Is it a fundamental right of the appellant and the class she seeks to represent to have the taxpayers of the state or county pay her publication costs?" We reply in the negative.
Appellant in her brief relies mainly upon Boddie v. Connecticut, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971), wherein the U.S. Supreme Court held that an indigent litigant in a divorce case had a fundamental right to a waiver of court costs and filing fees. However, Boddie, supra, did not include extraneous costs such as that of publication as in the case sub judice. In addition, the U.S. Supreme Court made it clear that its holding in the Boddie case was restricted to the area of the dissolution of the marital relationship:
"We do not decide that access for all individuals to the courts is a right that is, in all circumstances, guaranteed by the Due Process Clause of the Fourteenth Amendment so that its exercise may not be placed beyond the reach of any individual... Thus we hold only that a State may not, consistent with the obligations imposed on it by the Due Process Clause of the Fourteenth Amendment, pre-empt the right to dissolve this legal relationship without affording all citizens access to the means it has prescribed for doing so."
Consistent with this narrow holding of the Boddie case, the U.S. Supreme Court recently has held that an indigent litigant is not entitled as a matter of right to a waiver of a $50 fee for a bankruptcy petition payable to the U.S. District Court[1] or a $25 state appellate court filing fee.[2]
We further noted that the case at bar can be distinguished from Boddie v. Connecticut, supra in that Boddie granted a right to waiver of court costs and filing fees whereas appellant in the instant case actually is seeking public funds of the county to pay for her publication costs.
Finally, appellant cannot be heard to complain that she has been denied access to the courts as F.S. § 57.081 F.S.A. precludes such denial of access to indigents who "shall receive the services of the courts, sheriffs, clerks, and constables of the county in which they reside, without charge." See F.S. § 57.081 F.S.A.
For the reasons stated hereinabove appellant's first argument must fail.
*901 We have considered also appellant's second point on appeal and find that to be without merit.
Accordingly, the judgment of the lower court must be and hereby is affirmed.
Affirmed.
NOTES
[1] United States v. Kras, 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2nd 626 (1973).
[2] Ortwein v. Schwab, ___ U.S. ___, 93 S.Ct. 1172, 35 L.Ed.2d 572 (1973).